IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICIA COPUS and ERIK HEDBERG,

                    Plaintiffs,

v.

TODD HEPLER and JANE R. KOHLEWEY,

                    Defendants.

OPINION & ORDER

18-cv-19-jdp

---

Pro se plaintiffs Patricia Copus and Erik Hedberg have filed a complaint under 42 U.S.C. § 1983.[1] The complaint is before the court for screening to determine whether it states a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). For the reasons discussed below, I am dismissing the complaint.

Plaintiffs' allegations are not easy to follow, by my understanding is that Todd Hepler is a state court judge and Jane Kohlewey is a state prosecutor. The focus of the complaint is that plaintiffs are being prosecuted on false charges and are incarcerated unlawfully at the Columbia County jail. (Since filing their complaint, plaintiffs have updated their address, so it appears that they are no longer being detained.) Plaintiffs cannot proceed on these claims for multiple reasons.

First, except in narrow circumstances not present in this case, a federal court may not enjoin a state prosecution. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *Nelson v. Murphy*, 44 F.3d

---

[1] Austan Bardell is listed on the caption as a third plaintiff. But the court terminated Bardell after he failed to respond to a request by the court to either pay the filling fee or submit information showing that he qualified to proceed *in forma pauperis*. Dkt. 8.

497, 501 (7th Cir. 1995). If plaintiffs believe that a prosecution is unlawful, they must raise that issue in state court.

Second, along similar lines, plaintiffs may not challenge their confinement or their convictions in a civil action brought under 42 U.S.C. § 1983. Rather, they must first exhaust all of their remedies in state court. If those efforts are not successful, they may file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. They may not seek relief under § 1983 until the conviction is overturned or otherwise set aside. *Heck v. Humphrey*, 512 U.S. 477 (1994).

Finally, neither a judge nor a prosecutor may be sued for damages in federal court. Judges are immune even if their acts are "flawed by commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). The Supreme Court has determined that, "[a]lthough unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 9,10 (1991). The same principles apply to claims against prosecutors. *Buckley v. Fitzsimmons*, 509 U.S. 259, 272–73 (1993).

Plaintiffs also include a few sentences in the complaint about not receiving appropriate treatment at the jail for a "hip sprain" and a "possible blo[od] clot." Dkt. 1, at 4. Plaintiffs do not say which of them had those issues and they do not name any jail officials as defendants in the caption, so it is not clear whether plaintiffs intended to raise this issue as a separate claim. In any event, under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff cannot bring unrelated clams against different defendants in the same lawsuit. *Owens v. Hinsley*, 635

F.3d 950, 952 (7th Cir. 2011) ("[U]nrelated claims against different defendants belong in separate lawsuits . . . to prevent the sort of morass produced by multi-claim, multi-defendants suits.") (internal quotations omitted). So if either plaintiff believes that jail officials violated his or her constitutional rights by consciously failing to provide needed medical treatment, *Pittman ex rel. Hamilton v. Cnty. of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014), that plaintiff will have to file a separate lawsuit about that issue.

ORDER

IT IS ORDERED that this case is DISMISSED under *Younger v. Harris*, 401 U.S. 37, 45 (1971), and *Heck v. Humphrey*, 512 U.S. 477 (1994). The clerk of court is directed to enter judgment accordingly.

Entered April 12, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge